UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DOMINIQUE HUNTER,

        Plaintiff,

    v.                              23-CV-786-LJV
                                    ORDER

MICHAEL MCGARVEY, *et al.*,

        Defendants.
_____

        On August 4, 2023, the *pro se* plaintiff, Dominique Hunter, commenced this action under 42 U.S.C. §§ 1983 and 1985 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Docket Item 1.  She sues six defendants: Michael McGarvey; Christine Wilson; Christopher LaTourette; Sandra Barbosa; John Doe, a New York State police officer from Rochester, New York; and "Terry," a "post office worker" from the United States Post Office in Niagara Falls, New York.  Docket Item 4 (amended complaint) (capitalization omitted).  After Hunter amended her complaint, *id.*, and this Court granted her motions for service by the United States Marshals Service (the "Marshals"), *see* Docket Items 3 and 7, the United States Attorney's Office entered an appearance on behalf of McGarvey, Wilson, LaTourette, and Barbosa, *see* Docket Item 13.  But Terry and the John Doe police officer apparently have not yet been served.

        On February 12, 2024, Hunter again moved for service by the Marshals; she also moved for an extension of time to effect service, to amend her complaint a second time, and for an order requiring "defendants' counsel . . . to provide the correct [and] full identities" of Terry and the John Doe police officer pursuant to *Valentin v. Dinkins*, 121

F.3d 72 (2d Cir. 1997) (per curiam).  Docket Item 14; *see id.* at 3.  On February 15, 2024, the four defendants represented by the United States Attorney's Office moved to dismiss the complaint.  Docket Item 15.

For the reasons that follow, Hunter's motion is granted in part and denied in part.

## DISCUSSION

This case arises from a series of incidents in which the defendants allegedly intercepted, searched, and seized some of Hunter's packages.  Docket Item 4.  As relevant to the pending motions, Hunter alleges that on May 18, 2021, Terry, a supervisor at the Post Office in Niagara Falls, stole one of her packages and "claimed he would personally deliver" it to her "in his blue[-]colored car."  *Id.* at 9.  She does not provide comparable information about the John Doe police officer, however.  Rather, she generally alleges only that the "Rochester Police" were involved in the events giving rise to this action.  *See id.* at 12 (alleging that federal officials "acted alongside Rochester Police and other local police officials when they intercepted [Hunter's] packages").

Hunter has provided sufficient information justifying a *Valentin* order as to Terry, but not as to the John Doe police officer or officers.  Therefore, within 35 days of the date of this order, the United States Attorney's Office shall ascertain Terry's full name and provide an address where he may be served.  The United States Attorney's Office need not defend or indemnify Terry at this juncture.  This order merely provides a means by which Hunter may name and properly serve Terry as instructed by the Second Circuit in *Valentin*.

2

As to the John Doe police officer or officers, it appears that Hunter does not intend to sue a specific officer but rather intends to assert claims against every officer involved in the underlying events.  Information regarding the identity of those potential defendants is better sought though discovery rather than a *Valentin* order.  *See Valentin*, 121 F.3d at 75 (explaining that incarcerated plaintiff likely was "unable to carry out a full pre-trial investigation" and therefore needed the court's assistance to identify the proper defendant).  If discovery reveals information identifying police officers who were involved in the underlying events, Hunter may add those defendants at a later time.

Nonetheless, within 45 days of the date of this order, Hunter may file a second amended complaint that includes information from which a specific John Doe police officer or officers may be identified.  Hunter may also address in any amended complaint the alleged defects identified in the pending motion to dismiss.[1]

## **ORDER**

For the reasons stated above, Hunter's motion to amend the complaint is GRANTED; her motion for a *Valentin* order is GRANTED as to Terry and DENIED as to the John Doe police officer; her motion for service by the Marshals is DENIED without prejudice as premature; and her motion for an extension of time to serve Terry and the John Doe police officer is GRANTED.

Within 35 days of the date of this order, the United States Attorney's Office shall identify Terry as directed above.  Within 45 days of the date of this order, Hunter may

---

[1] The Court does not express any view as to the merits of that motion.

either file a second amended complaint or respond to the pending motion to dismiss. If Hunter amends the complaint, the Court will revisit her requests for service by the Marshals and a *Valentin* order for any John Doe defendant.

Hunter is advised that an amended complaint is intended to **completely replace** the prior complaint in the action and thus "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)*; see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, any amended complaint **must include all allegations against each of the defendants** so that the amended complaint stands alone as the only complaint that the defendants must answer in this action.

In light of the above, Hunter's time to serve the remaining defendants is extended until 90 days from the date of this order.  If Hunter amends her complaint a second time, the second amended complaint will become the operative pleading and the Court will deny the pending motion to dismiss, Docket Item 15, without prejudice as moot.  In that case, the defendants shall respond to the second amended complaint within 21 days of the date it is filed.


SO ORDERED.

Dated:   February 22, 2024
         Buffalo, New York


                                                 */s/ Lawrence J. Vilardo*
                                                 LAWRENCE J. VILARDO
                                                 UNITED STATES DISTRICT JUDGE