UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

DOMINIQUE HUNTER,

       Plaintiff,

       v.

MICHAEL McGARVEY, *et al.*,

       Defendants.

───────────────────────────────

23-CV-786-LJV
ORDER

The *pro se* plaintiff, Dominique Hunter, has sued six defendants—Michael McGarvey; Christine Wilson; Christopher LaTourette; Sandra Barbosa; John Doe, a police officer from Rochester, New York; and "Terry," a "post office worker" from the United States Post Office in Niagara Falls, New York—all of whom allegedly intercepted, searched, seized, stole, and tampered with several of Hunter's packages. Docket Item 4 (some capitalization omitted); *see* Docket Item 1.

After this Court ordered service by the United States Marshals Service (the "Marshals"), *see* Docket Items 3 and 7, and Hunter amended her complaint, Docket Item 4, the United States Attorney's Office ("USAO") entered an appearance of behalf of McGarvey, Wilson, LaTourette, and Barbosa, *see* Docket Item 13.  Hunter then moved again for service by the Marshals.  Docket Item 14.  She also moved for an extension of time to effect service, for leave to amend her complaint a second time, and for a *Valentin* order identifying the John Doe police officer and Terry.  *Id.*  Shortly after that, McGarvey, Wilson, LaTourette, and Barbosa moved to dismiss the amended complaint. Docket Item 15.

On February 22, 2024, this Court granted Hunter's motion in part and denied it in part.  Docket Item 16.  More specifically, the Court (1) ordered the USAO to identify Terry; (2) denied Hunter's request for a *Valentin* order as to the John Doe police officer; (3) extended Hunter's time to effect service; and (4) granted Hunter leave to file a second amended complaint.  *Id.*  A few weeks later, the USAO filed a *Valentin* response stating that it was unable to identify Terry.  Docket Item 18.

Hunter then filed a "petition" titled "Mandamus for Misrepresentation, Mandamus for Disclosure, Fraud on the Petitioner, Fraud on the Court, Mandamus on New Evidence for Submission."  Docket Item 20 (bolding and underlining omitted).  She suggests that the *Valentin* response filed by the USAO is "fraudulent" and asks this Court to order disclosure of "a complete record" of the attempt to identify Terry.  *Id.* That request is denied.

The USAO attached two sworn declarations from employees of the United States Postal Service National Tort Center to its *Valentin* response.  *See* Docket Item 18 at 2-5.  The declarants explain that they searched "for Postal Service employees with the first initial 'T' at the Niagara Falls Post Office," but were unable to find an employee named "Terry," "Terrence," or "Terrance."  *Id.*  In fact, the only Niagara Falls Post Office employees with the first initial "T" were named "Thomas."  *Id.*  There is no indication that disclosure of the "complete record" of that search would yield different results or that the *Valentin* response is fraudulent.  And while Hunter provides some additional, generic information about Terry—she describes him as a "[w]hite[,] upper[-]middle[-]aged male between 30-55 dressed in [a] United States Postal Service" uniform—that information would not practically help identify him.  *See* Docket Item 20 at 7.

2

If Hunter's complaint survives the pending motion to dismiss, this case will proceed to discovery and, as Hunter suggests, Terry "may be located." *Id.* But without specific identifying information that could aid in the search for Terry, Hunter is not entitled to expedited discovery at the pleading stage. Her request for an order requiring the USAO to disclose the "complete record" of its search for Terry therefore is denied.[1]

Hunter may respond to the pending motion to dismiss or file a second amended complaint no later than August 9, 2024. If Hunter responds to the motion to dismiss, the defendants may reply by August 23, 2024. If Hunter files a second amended complaint, the Court will deny the pending motion to dismiss as moot, and the defendants shall respond to the second amended complaint within 21 days of the date it is filed.

**If Hunter does not respond to the motion to dismiss or file a second amended complaint by August 9, 2024, the Court will decide the motion to dismiss based on the defendants' papers alone** unless Hunter requests—and demonstrates good cause for—an extension of time to respond or to amend her complaint.

---

[1] Hunter also renews her motion for service by the Marshals of Terry and the John Doe police officer. Docket Item 21. That motion is denied without prejudice: Terry has not been identified and therefore cannot be served, and as this Court previously explained, it seems that the John Doe officer is not a "specific officer" but rather a placeholder for "every officer involved in the underlying events." *See* Docket Item 16 at 3.

SO ORDERED.

Dated:   July 11, 2024
         Buffalo, New York


                                             /s/ Lawrence J. Vilardo
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE