UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DOMINIQUE HUNTER,

        Plaintiff,

    v.                                        23-CV-786-LJV
                                                ORDER
MICHAEL McGARVEY, *et al.*,

        Defendants.

_____

       The *pro se* plaintiff, Dominique Hunter, has filed a second amended complaint, Docket Item 23, and moved for service by the United States Marshals Service ("Marshals"), Docket Item 24. In light of Hunter's second amended complaint, the pending motion to dismiss, Docket Item 15, is DENIED without prejudice as moot. Hunter's motion for service, Docket Item 24, is GRANTED in part and DENIED in part.

       Hunter's first amended complaint named six defendants: Michael McGarvey, Christine Wilson, Christopher LaTourette, Sandra Barbosa, "John Doe (Unknown) Named) Rochester New York Police Officer [sic]," and "Post Office Worker Terry of Niagara Falls New York [sic]." Docket Item 4 at 1 (some capitalization omitted). After McGarvey, Wilson, LaTourette, and Barbosa were served and entered appearances, *see* Docket Item 13 (notice of appearance on behalf of McGarvey, Wilson, LaTourette, and Barbosa), this Court ordered the United States Attorney's Office to identify "Terry" and "provide an address where he may be served" pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam), Docket Item 16 at 2. But the Court found that Hunter had not "provided sufficient information justifying a *Valentin* order . . . as to the

John Doe police officer or officers" and that "[i]nformation regarding the identify of those potential defendants is better sought through discovery." *Id.* at 2-3.

On March 19, 2024, the United States Attorney's Office filed a *Valentin* response explaining that it was unable to identify Terry. Docket Item 18. Hunter then asked this Court to order disclosure of "a complete record" of the attempt to identify Terry. Docket Item 20. The Court declined to do so because "[t]here [was] no indication that disclosure of the 'complete record'" Hunter requested "would yield different results or that the *Valentin* response [was] fraudulent," as Hunter asserted. Docket Item 22. Ultimately, the Court concluded, "without specific identifying information that could aid in the search for Terry, Hunter is not entitled to expedited discovery at the pleading stage." *Id.*

Hunter's second amended complaint does not change this Court's decision as to further attempts to identify Terry or any John Doe police officer because it does not include additional information that could be used to identify those defendants. *See* Docket Item 23. Therefore, to the extent that Hunter asks that the Marshals be required to serve those defendants, her motion for service is denied.

But Hunter's second amended complaint names four new defendants: the "United States Attorney General, Western District of New York"; the "United States Department of Justice, Office of Information and Privacy"; the "United States District Attorney, Western District of New York"; and the "United States Department of Justice Attorney General's Office." Docket Item 23 at 1 (some capitalization omitted). To the extent Hunter requests the Marshals effect service on those newly named defendants, her motion for service is granted.

Hunter has not provided addresses at which those defendants can be served, however.  *See* Docket Item 23.  Therefore, **within 30 days of the date of this order**, Hunter shall provide addresses for the newly named defendants.  After Hunter provides those addresses for service, the Clerk of the Court shall issue the summonses and cause the Marshals to effect service as outlined below.

## ORDER

In light of the above, IT IS HEREBY

ORDERED that the pending motion to dismiss, Docket Item 15, is DENIED without prejudice as moot; and it is further

ORDERED that McGarvey, Wilson, LaTourette, and Barbosa shall respond to the second amended complaint by August 30, 2024; and it is further

ORDERED that Hunter's motion for service by the Marshals, Docket Item 24, is GRANTED in part and DENIED in part; and it is further

ORDERED that **within 30 days of the date of this order**, Hunter shall provide addresses at which the newly named defendants can be served; and it is further

ORDERED that after Hunter provides addresses for the newly named defendants, the Clerk of the Court shall send to Hunter four Marshals Process Receipt and Return forms ("USM-285 form")—one for each of the newly named defendants—and shall issue and send to Hunter a summons for each newly named defendant; and it is further

ORDERED that upon receipt of the USM-285 forms and summonses, Hunter shall (1) pay the service fee of **$8.00 per summons and complaint** to the Marshals by money order or certified check and (2) provide the Marshals with all necessary papers

3

for service, including (i) a copy of this order, (ii) a copy of the second amended complaint, (iii) one completed USM-285 form for each newly named defendant, and (iv) one summons issued by the Clerk of the Court for each newly named defendant; and it is further

ORDERED that upon receipt of the service fees and papers, the Marshals shall effect service of the summons and complaint upon the newly named defendants. Hunter is advised that she **must effect service within 90 days of the date the summons is issued**.  It is Hunter's responsibility to inquire of the Marshals at 716-348-5300 as to whether service has been made and, if necessary, to request an extension of time for service.  See *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012).  If, within 90 days of issuance of the summons, Hunter has not made service or requested an extension of time in which to do so, the Court may dismiss those defendants under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure; and it is further

ORDERED that Hunter shall notify the Court in writing if her address changes. The Court may dismiss the action if Hunter fails to do so.


SO ORDERED.

Dated:   August 20, 2024
         Buffalo, New York


                                               */s/ Lawrence J. Vilardo*
                                               LAWRENCE J. VILARDO
                                               UNITED STATES DISTRICT JUDGE